IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARMELA LYNN JACKSON, <br><br> Plaintiff, <br><br> vs. <br><br> NAVAJO NATION, ET AL., <br><br> Defendants. | CIV. NO. 23-00071 JMS-RT <br><br> ORDER (1) GRANTING IFP APPLICATION, ECF NO. 3; AND (2) DISMISSING COMPLAINT, ECF NO. 1, WITHOUT PREJUDICE |

### ORDER (1) GRANTING IFP APPLICATION, ECF NO. 3; AND (2) DISMISSING COMPLAINT, ECF NO. 1, WITHOUT PREJUDICE

Before the court is pro se Plaintiff Carmela Lynn Jackson's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"), ECF No. 3, which she filed with a Complaint, ECF No. 1, against numerous defendants.  As discussed below, the court GRANTS Plaintiff's IFP Application but DISMISSES the Complaint without prejudice.

### I.  IFP APPLICATION

Federal courts may authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that includes a statement of all assets the person possesses, demonstrating that she is unable to pay such costs or give such security.  See 28 U.S.C. § 1915(a)(1).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot

pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

When reviewing a motion pursuant to § 1915(a), the court must determine whether the plaintiff has alleged poverty " 'with some particularity, definiteness and certainty.'" *Escobedo*, 787 F.3d at 1234 (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).  Although § 1915(a) does not require a litigant to demonstrate "absolute[] destitut[ion]," *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  The court has reviewed Plaintiff's IFP application and determines that she has made the required showing under 28 U.S.C. § 1915(a) to proceed in forma pauperis (i.e., without prepayment of fees).  The court, thus, GRANTS Plaintiff's IFP Application.

## II.  STATUTORY SCREENING

The court must screen each civil action commenced under 28 U.S.C. § 1915(a) and order the dismissal of any complaint that is "frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (stating that § 1915(e) "not only permits but requires" the court to dismiss

2

sua sponte an IFP complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *see Anders v. Cal.*, 386 U.S. 738, 744 (1967), and *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or lacks "an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, a complaint that fails to state a compensable claim should be dismissed when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court further clarified the "plausibility" standard in *Ashcroft v. Iqbal*, stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 556 U.S. 662, 678 (2009).

In addition, when a case is brought in the wrong venue, the district court in which the case was filed "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court should examine the claims in a plaintiff's case in deciding whether the interest of justice requires transfer rather than dismissal. *Lee*

*v. Corr. Corp. of Am.*, 525 F. Supp. 2d 1238, 1243 (D. Haw. 2007) (citing *King v. Russell*, 963 F.2d 1301, 1304 (9th. Cir. 1992) (examining the plaintiff's complaint to determine whether dismissal or transfer was appropriate)). "A court may raise and decide the issue of venue sua sponte." *Ragan v. Oliver*, 2022 WL 16724503, at *1 (E.D. Cal. Oct. 20, 2022) (citations omitted); *see also Coupons, Inc. v. Efros*, 2006 WL 37036, at *7 (N.D. Cal. Jan. 5, 2006) ("The Court may transfer venue *sua sponte*.").

### III.  ANALYSIS

Regarding venue, 28 U.S.C. § 1391(b) provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, the Complaint lists each defendant as residing outside the State of Hawaii (listing the defendants as residents of Arizona, Oklahoma, Republic of Korea, and Belgium). Further, there is no connection between Plaintiff's

4

allegations and Hawaii.  Construing the Complaint liberally,[1] Plaintiff's claims relate to events that allegedly occurred only in Cut Bank, Montana.  ECF No. 1 at PageID.4.  And venue is clearly improper in the District of Hawaii.

When venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a); *see also Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 56 (2013) (explaining that when venue is improper, "the case must be dismissed or transferred under § 1406(a)").  As set forth above, the court examines a plaintiff's claim in deciding whether it is in the interests of justice to transfer to dismiss the actions.  *King*, 963 F.2d at 1304.

Even liberally construing the Complaint, Plaintiff fails to provide any facts that suggest her allegations have merit warranting transfer to another district.  Instead, the Complaint contains generalized allegations that Plaintiff and her son were harmed by "hired assassins" and that she required the removal of "Electro - Bullets" that had been placed in her body.  ECF No. 1 at PageID.4.  Given the nature of allegations contained in the Complaint, dismissal without prejudice is in the interests of justice.

---

[1] Plaintiff is appearing pro se; consequently, the court liberally construes the Complaint and resolves all doubts in Plaintiff's favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers").

## IV. **CONCLUSION**

For the reasons given, the court GRANTS Plaintiff's IFP Application, ECF No. 3, and DISMISSES the Complaint, ECF No. 1, without prejudice to refiling in a United States District Court with venue. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 17, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Jackson v. Navajo Nation, et al.*, Civ. No. 23-00071 JMS-RT, Order (1) Granting IFP Application, ECF No. 3; and (2) Dismissing Complaint, ECF No. 1, Without Prejudice